# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **LARRY PAUL ELLER**, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action Number: |
| ) | **6:16-cv-00457-AKK-JHE** |
| **WARDEN WALTER MYERS AND** ) | |
| **THE ATTORNEY GENERAL OF** ) | |
| **THE STATE OF ALABAMA**, ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM OPINION**

On May 12, 2017, the magistrate judge entered a Report and Recommendation, doc. 8, recommending that the petition for writ of habeas corpus be dismissed with prejudice. Petitioner Larry Paul Eller filed objections on May 22, 2017. Doc. 9. The court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Eller's objections to the magistrate judge's report and recommendation concern the magistrate judge's conclusion that Eller's petition is time-barred. (Doc. 9 at 1-2). Eller first argues that, contrary to the report and recommendation, he is entitled to equitable tolling and thus his petition is not untimely. *Id.* To support this, Eller cites the fact that his traverse was "done under the penalty of

perjury," and because it contains "the facts as to the difficulty he had in filing his petition," it is more than "general allegations." *Id.* at 2. This is unavailing, because Eller never actually alleges specific facts that show diligence, and his contention that he "filed [his] Federal Habeas Corpus as soon as [he] could after [his] conviction," doc. 7 at 6, is precisely the sort of general allegation identified by the magistrate judge. Further, Eller merely states the conclusion that "extraordinary circumstance beyond the Petitioner way [sic] . . . prevented him from filing sooner," doc. 9 at 1–2, and does not identify what circumstances he is referring to, just as the magistrate judge found he did in his traverse, doc. 8 at 4. To succeed, Eller must show both that "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing," *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Unfortunately, Eller has failed to do so. Therefore, this objection is unfounded.

Eller's next two objections are based on his contention that he is actually innocent, and that there was a "miscarriage of justice to one who is innocent and was coerced." Doc. 9 at 2–3. The magistrate judge determined Eller had not argued his actual innocence, so he could not overcome the statute of limitations through such a claim. Doc. 8 at 4–5. Although Eller objects to this, he does not offer any reason why his petition or traverse contain an actual innocence argument. Instead,

2

he points to claims in his petition that relate to legal defects in his guilty plea, rather than anything that would indicate that he raised an actual innocence argument. Even if Eller could reasonably be said to have presented these as actual innocence arguments in his petition or traverse (and he cannot), they would fail because they all relate to Eller's legal innocence. *See Bousley v. United States*, 523 U.S. 614, 615, 118 S. Ct. 1604, 1607, 140 L. Ed. 2d 828 (1998) ("Actual innocence means factual innocence, not mere legal insufficiency."). Unfortunately for Eller, neither objection demonstrates the magistrate judge erred in concluding Eller's petition was time-barred.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be DISMISSED. A separate order will be entered.

This court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This court finds Petitioner's claims do not satisfy either standard.

**DONE** the 23rd day of May, 2017.

                                                **ABDUL K. KALLON**
                                     UNITED STATES DISTRICT JUDGE